# Third District Court of Appeal
## State of Florida

Opinion filed February 8, 2023.

————————

No. 3D22-0858
Lower Tribunal No. 19-2015

————————

**Matthias Morrow,**
Appellant,

vs.

**John Westly Morrow,**
Appellee.

————————

An appeal from the Circuit Court for Miami-Dade County, Jorge E. Cueto, Judge.

Counselaw, and Angelo M. Martin, for appellant.

Law Office of Elizabeth Delgado, P.A., and Elizabeth Delgado Mizrahi, for appellee.

Before EMAS, HENDON, and MILLER, JJ.

PER CURIAM.

*UPON CONFESSION OF ERROR*

In these adversarial probate proceedings, appellant, Matthias Morrow, challenges an order striking the purported last will and testament of the decedent, Bunny Lee Morrow, as violative of section 732.502, Florida Statutes (2018). On appeal, appellant contends the trial court erred in striking the document without first conducting an evidentiary hearing. Upon appellee's commendable confession of error and our own independent review of the record, we reverse. Although the will was handwritten, it reflected the signatures of the testator, two witnesses, and a notary, along with a notary seal. § 732.502(1), Fla. Stat. ("Every will must be in writing and executed as follows: . . . The testator must sign the will at the end . . . . The testator's . . . [s]igning, or . . . [a]cknowledgment . . . [t]hat he or she has previously signed the will . . . must be in the presence of at least two attesting witnesses . . . . The attesting witnesses must sign the will in the presence of the testator and in the presence of each other."); § 732.502(2), Fla. Stat. ("A will in the testator's handwriting that has been executed in accordance with subsection (1) shall not be considered a holographic will."). Consequently, it did not facially violate the Florida Probate Code. Accordingly, we reverse and remand for further proceedings.

Reversed and remanded.